UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-CV-60654

JULIO LONGRES,
ANABEL DEL VALLE, and
JORGE MATIA,

    Plaintiffs,
v.

NEOPTX, LLC., and
MYRON ORLINSKY

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, JULIO LONGRES ("LONGRES"), ANABEL DEL VALLE ("DEL VALLE") and JORGE MATIA ("MATIA") (collectively referred to as "Plaintiffs"), bring this action against Defendants, NEOPTX, LLC ("NEOPTX") and MYRON ORLINSKY ("ORLINSKY") (collectively referred to as "Defendants") to recover overtime compensation, liquidated damages, and costs and reasonable attorneys' fees under the provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and unpaid wages under Florida law as well as attorneys' fees and costs under Florida Statute § 448.08 .  In support thereof, Plaintiffs state as follows:

## PARTIES

1.    LONGRES is an individual who resides in Miami-Dade County, Florida and is a former employee of the Defendants.

2.    DEL VALLE is an individual who resides in Broward County, Florida and is a former employee of the Defendants.

3.    MATIA is an individual who resides in Miami-Dade County, Florida and is a former employee of the Defendants.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

4. Plaintiffs began working for Defendants more than three (3) years before this Complaint was file

5. Defendant, NEOPTX, manufactures ready to wear reading glasses.

6. Defendant, NEOPTX, has a warehouse and office located in Broward County, Florida and sells to customers throughout the country.

7. Defendant, ORLINSKY, is an individual who is the owner of NEOPTX.

8. Defendants, directly or indirectly acted in the interest of an employer toward Plaintiffs at all material times, including without limitation, directly or indirectly controlling the terms of employment and compensation of Plaintiffs.

9. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

10. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods and/or materials that has been moved in or produced for commerce.

11. Based upon information and belief, the annual gross sales volume of Defendants was in excess of $500,000.00 per annum at all times material hereto.

12. At all times pertinent to this Complaint, the NEOPTX was an enterprise in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act.

13. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337, and by 29 U.S.C. § 216(b).

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

14. Venue is proper pursuant to 28 U.S.C. § 1391. The Court has jurisdiction over Defendants, and in regard to Plaintiffs in that the acts from which this lawsuit arise occurred in the Southern District of Florida.

15. Plaintiffs were non-exempt employees who were paid a salary but did not receive any additional income in weeks in which they worked more than forty (40) hours.

16. Instead, Defendants only paid Plaintiffs their salary.

17. Plaintiffs would work at the Defendants' location performing non-exempt work functions.

18. Specifically, the Plaintiffs were not responsible for hiring and firing employees, setting scheduled, determining compensation, or any other exempt job functions that would exempt them from the FLSA's overtime obligations.

19. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209 by not compensating Plaintiffs for all of the hours they worked in excess of forty (40) in one or more workweeks.

20. The records, if any, concerning the number of hours worked and the compensation paid to the Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, they will then seek leave of the Court to amend the Complaint for damages to set forth the precise amount due to them.

21. Defendants knew and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs the statutory rate of time and one-half for all the hours they worked in excess of forty (40) hours per week when it knew or should have known such was due.

22. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

23. Plaintiffs are entitled to time and one half of their regular rate of pay for each hour (or part thereof) worked over forty (40) in a work week, along with an equal amount of liquidated damages.

24. Plaintiffs have retained the undersigned counsel to represent them in this action. Pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

25. Plaintiffs demand a jury trial.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATION

26. Plaintiffs re-allege paragraphs 1-25 above.

27. Plaintiffs are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) hours per work week.

28. By reason of said intention, willful and unlawful acts of Defendants, Plaintiffs have suffered damages, plus incurred costs and reasonable attorneys' fees.

29. As a result of Defendants willful violation of the Act, Plaintiffs are entitled to liquidated damages.

WHEREFORE, Plaintiffs, JULIO LONGRES, ANABEL DEL VALLE, and JORGE MATIA demand judgment against Defendants, NEOPTX, LLC, and MYRON ORLINSKY for the payment of all overtime hours at one and one-half their regular rates of pay, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

### COUNT II – BREACH OF CONTRACT (UNPAID WAGES)

30. Plaintiffs re-allege paragraphs 1-25 above.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

31. Plaintiff and Defendants had an agreement in which Defendants were to pay Plaintiffs their set salary for all hours worked.

32. Defendants, however, failed to pay Plaintiffs their final paycheck despite the fact that Plaintiff worked.

33. Plaintiffs have requested payment on several occasions and, unfortunately, have been ignored.

34. By virtue of Defendants breach of the agreement, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs' demand judgment against Defendants for all damages they have suffered by not receiving their final paycheck together with interest, court costs, attorneys' fees in accordance with Florida Statute Section 448.08, and for any and all other and further relief this Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues triable as of right by jury.

Dated: March 31, 2022

Respectfully submitted,

**GALLUP AUERBACH**
*Counsel for Plaintiffs*
4000 Hollywood Boulevard
Presidential Circle-Suite 265 South
Hollywood, Florida 33021
T: (954) 894-3035
E-mail: jauerbach@gallup-law.com

By:  */s/ Jacob K. Auerbach*
     JACOB K. AUERBACH
     Florida Bar No.: 084003